## LITTLE et al. *v.* THE MANAGERS OF THE CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUISIANA.

On production of the half of a bank note and on accounting for the loss of the other half, the bank will be bound to pay the full amount for which it was issued, on being secured against liability for the other half. C. C. 2258. But in such a case interest will not be allowed from judicial demand, if objected to by defendant.

A refusal by the Consolidated Association to pay the amount of a note issued by it, on the production a half of the note and accounting for the loss of the other half, will not subject that institution to the penalty of paying interest at the rate of twelve per cent a year, under the 15th section of the act of incorporation of 10 March, 1827.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *T. A. Clarke* and *Barker*, for the plaintiffs, cited 6 Wend. 378. 2 Robinson, 113. 4 Washington C. C. 253. 5 Conn. R. 106. Chitty on Bills, 10th ed. note p. 260. *Lavergne* and *Labarre*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J.* This is an action brought for the recovery of the amount of several bank notes of the Consolidated Association, which it is alleged were sent by mail from New York to New Orleans in halves. The left hand halves only are produced, the others, sent by a subsequent mail, never having arrived. The loss of the right hand halves, and the advertisement thereof, have been sufficiently established, and the judge has provided for the future security of the bank by requiring a bond of indemnity from the plaintiffs, under article 2258 of the Code, which has been furnished, There is no valid objection to the plaintiffs' right of recovery,

The judgment allows the plaintiffs interest from judicial demand. No objection has been made to this allowance in this court, or by an application for a new trial in the court below, on the part of the defendants. We shall therefore make no change in the judgment; but we desire that this case be not considered as a precedent for the allowance of interest on lost obligations. In *Murdock* v. *The Union Bank*, 2 Robinson, 112, no interest was given in a similar case,

The claim of the plaintiffs for twelve per cent interest under the charter of the bank, we consider inadmissible.                              *Judgment affirmed.*

---

* ROST, J., being interested, did not sit on the trial of this case.